UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Yvonickel Saint-Cyr,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC and The Bank of Missouri,<br><br>Defendants. | Case No.: |

# COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Yvonickel Saint-Cyr, by and through his counsel, and for his Complaint pleads as follows:

## JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Lithonia, DeKalb County, Georgia.

4. Venue is proper in the Northern District of Georgia.

## PARTIES

5. Plaintiff is a natural person residing in Lithonia, DeKalb County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia; and

   b. The Bank of Missouri ("TBOM") is a state-chartered bank doing business in Georgia.

## GENERAL ALLEGATIONS

7. TBOM's tradeline opened September 2022 ("Errant Tradeline") is inaccurately reporting a scheduled monthly payment amount of $56 in Plaintiff's Equifax credit file.

8. The account reflected by the Errant Tradeline was closed by TBOM and Plaintiff no longer has any scheduled monthly payment obligations to TBOM.

9. The Errant Tradeline should be reported with a scheduled monthly payment amount of $0.00. The current reporting is false and misleading.

10. In addition, per the credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are required to report a scheduled monthly payment amount of $0.00 for a closed account.

11. On or about May 3, 2024, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline reporting with an erroneous scheduled monthly payment amount.

12. On or about May 17, 2024, Plaintiff submitted a letter to Equifax disputing the Errant Tradeline.

13. In his dispute letter, Plaintiff explained that the TBOM account is closed and therefore Plaintiff owes no scheduled monthly payment amount to TBOM. Plaintiff asked for the scheduled monthly payment amount to be removed and replaced with $0.00.

14. Equifax received Plaintiff's dispute letter on May 25, 2024.

15. Equifax forwarded Plaintiff's dispute to TBOM.

16. TBOM received Plaintiff's dispute from Equifax.

17. On or about July 8, 2024, Plaintiff obtained his Equifax credit disclosure, which showed the Errant Tradeline was last reported on June 12, 2024, and that Equifax and TBOM failed or refused to report the Errant Tradeline with a scheduled monthly payment amount of $0.00.

18. The Errant Tradeline is false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff. The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have

a scheduled monthly payment obligation for a debt when there is no such monthly obligation.

19. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has experienced undue stress, frustration, humiliation, and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY THE BANK OF MISSOURI

20. Plaintiff realleges Paragraphs One through Nineteen as if recited verbatim.

21. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, TBOM negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. TBOM negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

23. The Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

24. As a direct and proximate cause of TBOM's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration, humiliation, and other forms of emotional distress.

25. TBOM is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against TBOM arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against TBOM for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY THE BANK OF MISSOURI

27. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

28. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, TBOM willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

29. TBOM willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of TBOM's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration, humiliation, and other forms of emotional distress.

31. TBOM is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against TBOM for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration, humiliation, and other forms of emotional distress.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above Paragraphs One through Nineteen as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration, humiliation, and other forms of emotional distress.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: July 16, 2024

/s/ Gary Hansz
Gary Hansz
Bar No. 534669
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
Attorney for Plaintiff